# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MATRIX CAPITAL BANK**,

      Plaintiff,

    vs.                                                                             No. CIV 98-0387 JP/LCS

**CREDIT CARD SERVICES, INC.**,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.      Defendant is a Colorado Corporation.

    2.      On November 1, 1999, the Court issued an Order requiring Defendant to secure counsel in accordance with D.N.M.LR-Civ. 83.7 and 83.8(c) after the withdrawal of prior counsel. To date, Defendant has failed to secure successor counsel.

    3.      On February 2, 2000, the Court issued an Order requiring Defendant to submit to the Magistrate Judge a confidential, comprehensive letter or settlement brochure detailing the facts and other issues of the case no later than 10 days before the settlement conference of February 25, 2000. Defendant failed to submit a settlement letter or brochure.

    4.      On February 2, 2000, the Court issued an Order requiring Defendant to appear for a settlement conference on February 25, 2000 at 1:30 p.m. Defendant failed to appear for the settlement conference.

    6.      On February 25, 2000, the Court issued an Order to Show Cause, requiring Defendant to show cause, if there be any, why judgment should not be entered in favor of Plaintiff and sanctions should not be imposed upon it pursuant to Rule 16(f) of the Federal Rules of Civil

Procedure for its failure to obey the Orders of this Court. Defendant failed to respond to the Order to Show Cause.

7. While a *pro se* litigant is entitled to a liberal reading of its pleadings, it must nonetheless follow the same rules of procedure that govern other litigants. *See Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). When imposing discovery sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n. 3 (10th Cir.1992). The chosen sanction must be both just and related to the particular claim at issue. *Id.* at 920-21. In determining the appropriate sanction, a court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus,* 965 F.2d at 921.

8. Defendant interfered with the judicial process by disregarding the Orders of this Court. Specifically, Defendant failed to appear as ordered for the settlement conference and for the hearing on the Order to Show Cause. Plaintiff was prejudiced by Defendant's actions because its counsel appeared for both court settings. Plaintiff's counsel also prepared a settlement letter as directed by the February 2, 2000 Order that set the settlement conference. Defendant is culpable for its failure to retain successor counsel and properly defend this action as mandated by the November 1, 1999 Orders. Furthermore, the Court warned Defendant in the February 25, 2000 Order to Show Cause that it might recommend entry of judgment in favor of Plaintiff. Finally, in light of Defendant's

history of blatant disregard of Orders, lesser sanctions would not be effective. Under these circumstances, judgment should be entered in favor of Plaintiff and a hearing should be held to determine the amount of damages.

**Recommended Disposition**

I recommend that Judgment be entered in favor of Plaintiff and against Defendant for failure to comply with the Orders of this Court. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**